STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-20-33

BRANDON DREWRY,
          Petitioner

**DECISION AND ORDER**

v.

MAINE DEPARTMENT OF
CORRECTIONS,
          Respondent

The matter before the court is an appeal by Brandon Drewry, an inmate at the Maine State Prison, from a disciplinary proceeding that resulted in the imposition of sanctions against him for the offense of "Possession, Alcohol, Marijuana, Inhalant or Drug," a Class B violation. This appeal has been brought in accordance with 5 M.R.S. §11001-11008 (Administrative Procedure Act) and M.R.Civ.P. 80C.

## FACTUAL AND PROCEDURAL BACKGROUND

In a Disciplinary Incident Report dated May 11, 2020 and prepared by Officer Oral Bennett, Inmate Drewry was charged with "Possession, Alcohol, Marijuana, Inhalant or Drug." The Report reads:

> On the above date and time, I Officer Bennett conducted search of cell CB114 which houses inmate Drewry, Brandon Boone (96609). While conducting the cell search the inmate repeatedly try [sic] to enter the cell after 3 or 4 warnings I told him if he tries to enter the cell again I will cuff him up and or call SOG to get him out of the pod so I can do my job. He finally complied and I was able to continue on searching. On the table in his cell I found a bottle with liquid and diced fruits. Base [sic] on my experience and training I immediately came to the conclusion that it was home brew. Inmate Drewry (96609) immediately started following me around in the pod trying to convince me to do away

with the evidence. I told him no and will tag him for provocation if he doesn't leave me alone. Formal discipline will follow.[1]

As a result of the Disciplinary Report, an investigation was initiated on May 12, 2020. Drewry gave a statement and, in summary, said that the liquid in the bottle was just juice and that he had no history of alcohol or drug use during the approximately 15 years he had been incarcerated in correctional facilities. He also asked that the liquid be tested, which was not done. A disciplinary hearing was scheduled for June 29, 2020. Drewry was notified of that hearing date (and time) and requested that he be represented by a "counsel substitute" named "Meggison."

The hearing was held as scheduled and the administrative record indicates that a counsel substitute was present, although the identity of that person is not revealed in the record. (Administrative Record, "AR" at 11). Officer Bennett's report was considered by the hearing officer as were two photographs of the bottle with the liquid and fruit taken from Drewry's cell. (AR at 9-10). The hearing officer also had Drewry's statement that the liquid was not alcohol. The hearing officer found Drewry guilty of the Possession charge and stated:

> Prisoner is guilty based on staff incident reports and pictures. Based on staff incident reports and pictures I do believe this incident is more probable than not to have occurred. The picture clearly shows fruit in the bottle which is not allowed and the drink appears to be home brew. I believe the intent was there.
> (AR at 12).

Drewry filed a timely appeal to the Chief Administrative Officer or Designee, which was denied in writing on July 13, 2020. Drewry received a copy of that denial on July 16, 2020, and thereafter filed a timely Petition for Judicial Review on August

---

[1] The court understands that the term "tag," as in "tag in," refers to an order to an inmate to return to his cell and be temporarily locked in.

21, 2020. Briefing was completed on March 3, 2021. Pursuant to M.R.Civ.P. 80C(l), the court will decide this appeal on the record without oral argument.

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System*, 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection*, 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission*, 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence that supports the result

3

reached" by the agency. *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance*, 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261.

The Administrative Record shows that Drewry requested to be represented by counsel substitute "Meggison" on the Letter of Notification of Disciplinary Hearing, which he received on June 18, 2020. (AR at 1). Drewry appears to concede that a counsel substitute was present at his disciplinary hearing (R. Dwyer), but it was not Tracy Meggison. (Reply Brief at 6). Drewry was entitled "to be represented by counsel substitute as prescribed in the rules." 34-A M.R.S. § 3021(6)(F). *See* DOC Policy 20.1, § VII(C)(19). The rules further state that "[i]t is the responsibility of the prisoner to inform the counsel substitute of the date and time of the hearing." *Id.* at ¶ VII(C)(8). While the rules permit a prisoner to select the counsel substitute of his choosing, the prisoner is responsible for notifying that counsel substitute of the hearing and when it will be held. *Id.* at § VII(C)(7). The Letter of Notification of Disciplinary Hearing was given to Drewry on June 18, 2020 and informed him that his disciplinary hearing would be held on June 29, 2020 at 8:00 a.m. This gave Drewry more than sufficient time to notify the counsel substitute of his choosing of the date and time of the hearing. The hearing officer did not abuse his discretion by holding the hearing with a different counsel substitute in attendance.

Drewry complains that there was insufficient evidence from which the hearing officer could conclude that he committed the violation of Possession, Alcohol, Marijuana, Inhalant or Drug, because the liquid in the seized bottle contained only juice and diced fruit and was never tested to see whether it contained alcohol. The particular violation with which Drewry was charged and of which he was found guilty is defined at DOC Policy 20.1, § VII(F) (Prohibited Acts) (Violations):

> Possession of alcohol or adulterated food or drink that can be used
> to make alcohol, marijuana, inhalant, or drug not prescribed to the

prisoner by the facility health care staff or related paraphernalia. Class B.

**THE AFOREMENTIONED VIOLATIONS INCLUDE PLANNING OR ATTEMPT TO COMMIT THE VIOLATIONS.** (*see* page 27).[2]

It is the responsibility of the hearing officer to evaluate and weigh the evidence and make factual findings. The hearing officer was entitled to consider the evidence in its entirely and to draw all reasonable inferences from that evidence. This includes the inferences to be drawn from the suspicious behavior of the prisoner prior to, during and after the search of his cell and the seizure of the bottle. It was within the authority of the hearing officer to conclude that Drewry was planning to make "home brew" from the juice and diced fruit in the bottle. In short, there was competent evidence in the record to support the hearing officer's findings and decision. Moreover, there was no requirement that the liquid in the bottle be tested for the presence of alcohol. Whether the substance had actually fermented into alcohol was not the point of the disciplinary charge brought against Drewry. Rather, it was his attempt to possess an adulterated drink that could be used to make alcohol that was the gravamen of the violation.

Finally, Officer Bennett, who brought the disciplinary action against Drewry, was not required to attempt to informally resolve the incident. He had the discretion to attempt to informally resolve it, but he was not mandated to do so. DOC Policy 20.1, § VII(A)(4).

---

[2] The term "attempt" is defined as "an act which constitutes a substantial step in a course of conduct that would have ended in the commission of a violation if the attempt had been successful." DOC Policy, § IV (2).

## CONCLUSION

The entry is:

The Petition for Judicial Review is DENIED and the decision in Disciplinary Case No. MSP-2020-0664 is AFFIRMED.

DATED: April 26, 2020

William R. Stokes
Justice, Maine Superior Court

Entered on the docket 4|26|2021

Date Filed:8/21/20                    Kennebec                    Docket No.AP-20-33
                                       County                                                    F

                                                                  **J. Stokes**

Action: 80C

Brandon Drewry                          vs            Maine Department of Corrections

Plaintiff's Attorney                                  Defendant's Attorney

Brandon Drewry, Pro Se                                Alisa Ross, AAG
Maine State Prison                                    6 State House Station
807 Cushing Road                                      Augusta, ME 04333
Warren, ME 04864

Date of Entry

| | |
|---|---|
| 08/24/20 | Petition for Review of Final Agency Action, filed (8/21/20). s/Drewry, Pro Se Indigency Affidavit and Certificate of Prisoner Account |
| 08/25/20 | An initial partial filing fee is hereby assessed in the amount of $1.65. Subsequent payments of 20% of the Plaintiff's prior monthly income shall be forwarded to the Court by the institution each time the amount in the prisoner's account exceeds $10, until suchtime as the entire filing of $175.00 has been paid. <br> The plaintiff shall notify the court no later than 9/24/20 whether he intends to incur the cost of the filing fee and proceed with this action or whether he intends to forego this litigation at this time. Should the plaintiff fail to so notify the Court, this matter shall be dismissed for lack of prosecution. The plaintiff is hereby put on notice that if he chooses to proceed with this action, he will be responsible for paying, as funds become available, the full $175.00 filing fee. <br> If the plaintiff elects to proceed, he shall forward to the Court the initial payment of $1.65, which shall be received by the Court no later than 9/24/20, failing which the matter shall be dismissed for lack of prosecution. If the plaintiff elects to proceed and pay the initial partial filing fee, a copy of this order shall be forwarded to the business office of the Department of Corrections. <br> The plaintiff shall be responsible for the payment of all other costs and fees. <br> Copy to Petitioner |
| 08/25/20 | Letter to Petitioner informing him of filing date and docket number |
| 08/25/20 | ORDER, Stokes, J. <br> The Attorney General's Office has agreed to accept service in this matter. <br> The Petitioner must serve both the Attorney General's Office in Augusta and the Department of Corrections in Augusta by mail with an Acknowledgement of Service (enclosed), see M.R.Civ.P.4 (c)(1). If the Petitioner does not file proof of service with this court by 9/25/20 this matter shall be dismissed by the court. <br> The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure. <br> Copy to Petitioner. |